UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUZETTE BOONE | * | CIVIL DOCKET NO. |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| PARK WOOD RISK RETENTION GROUP, INC., | * | |
| SELECT DEDICATION SOLUTIONS, LLC, | * | MAG: |
| AND LUIS VIDAL MARTINEZ | * | |

************************************************************************

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants, Park Wood Risk Retention Group, Inc., and Select Dedication Solutions, LLC, ("Defendants"), with full reservation of any and all defenses, objections, and exceptions, hereby give notice of the removal of this civil action from the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendant respectfully represents that:

## BACKGROUND

1.

This action commenced against Defendants in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, when Plaintiff filed her Petition for Damages on August 30, 2022, said action being designated as Case No. 2022-4530, Division "E" ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

02772145-1

2.

Select Dedicated Solutions, LLC was served with the Petition setting forth Plaintiff's claims for relief on November 4, 2022. Park Wood Risk Retention Group, Inc., was served on November 9, 2022.  True and correct copies of all process and pleadings served upon Defendants in said action are attached as Exhibit "A".  This Notice is therefore timely under 28 U.S.C. § 1446(b).

3.

This lawsuit arises out of an alleged automobile accident on September 11, 2021. Plaintiff, Suzette Boone, alleges that she was operating a 2019 Toyota Yaris west on US Interstate 10 in Iowa, Louisiana. Plaintiff alleges that at the same time, Luis Vidal Martinez was operating a 2016 International truck and trailer, attempting to merge onto Interstate 10 westbound from the on ramp. Plaintiff further alleges that suddenly and without warning, the tractor trailer operated by Martinez crashed into the passenger side of Plaintiff's vehicle, ultimately coming to rest on top of said vehicle, causing Plaintiff to become lodged directly under the tractor-trailer. *See* Petition for Damages contained in Exhibit "A," at ¶¶ IV, V.

4.

Plaintiff alleges that the collision was caused by Luis Martinez and caused serious injuries to Suzette Boone. *See,* Petition for Damages, contained in Exhibit "A," at ¶ VI.

5.

Plaintiff further avers that at the time of the accident, Luiz Martinez was acting in the course and scope of his employment with Select Dedicated Solutions, LLC, and that Select is vicariously liable for the negligent actions of its employee, Luis Martinez. *See,* Petition for Damages, contained in Exhibit "A," at ¶ VIII, X.

02772145-1

6.

Moreover, Plaintiff avers that Select Dedicated Solutions, LLC, was negligent in its training of Mr. Martinez, and that Select failed to have proper safety programs in place. *Id.* Finally, Plaintiff avers that at the time of the accident, the vehicle operated by Luis Martinez was insured by a policy of insurance issued by Park Wood Retention Group, Inc. *See,* Petition for Damages, contained in Exhibit "A," at ¶ XI.

## JURISDICTIONAL BASIS FOR REMOVAL

6.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendants.

### A.    The Amount in Controversy is Satisfied

7.

When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party makes this showing either: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount. *Luckett*, 171 F.3d at 298, quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t

must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

8.

Moreover, where, as here, Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount. In *Patrick v. Texas Roadhouse, Inc.* the Western District of Louisiana, found that the amount in controversy had been met based on plaintiff's claimed damages for past and future pain and suffering, lost wages, medical treatment, and alleged permanent physical impairment and disability in addition to the Louisiana cases cited by defendants awarding damages greater than $75,000 for nonsurgical injuries. *Patrick v. Texas Roadhouse, Inc.,* No. 17-CV-976, 2017. WL 5617845, at 2 (W.D. La. Oct. 5, 2017), *report and recommendation adopted,* No. CV 17-0976, 2017 WL 5616036 (W.D. La. Nov. 20, 2017).

9.

Moreover, in *Robinson v. Delchamps, Inc.,* the court found that defendants met their burden of proof regarding amount in controversy. No. CIV. A. 98-0503, 1998 WL 352131, at *1 (E.D. La. June 30, 1998). Therein Plaintiff alleged nine different types of damages, including, physical and mental pain and suffering (past and future), loss of income (past and future), medical expenses

02772145-1

02576824-1 (past and future), loss of enjoyment of life (past and future), disability (past and future), hedonic damages, loss of household services, and disfigurement. The number of claims, the nature of those claims, and the allegations that plaintiff could continue to suffer damages into the future, all weighed against plaintiff's argument that the case should be remanded. It was facially apparent that if all damages alleged in that case were recovered, the amount of the judgment would likely be well in excess of the jurisdictional amount. *Robinson v. Delchamps, Inc.,* No. CIV. A. 98-0503, 1998 WL 352131, at *1 (E.D. La. June 30, 1998); see also *Gibson v. Canal Ins. Co.,* No. CIV.A. 03-3566, 2004 WL 574717, at *1 (E.D. La. Mar. 22, 2004).

10.

Here, Plaintiff, Suzette Boone, alleges that as a result of the various acts of negligence on the part of Defendants, he is entitled to recover for seven (7) types of damages, including: physical pain and suffering, mental pain, anguish, and distress, past, present and future medical expenses, loss of enjoyment of life, disability, impairment of earning capacity, and any and all other damages which shall be proven at trial of this matter. *See* Petition for Damages contained in Exhibit "A" at ¶ XV. Finally, Plaintiff seeks to recover all damages she sustained, together with legal interest from date of judicial demand until paid, and all costs of these proceedings. *Id.* at ¶ "WHEREFORE." Just as was the case in *Robinson,* the number of claims, the nature of those claims, and the allegations that plaintiff could continue to suffer damages into the future weigh in favor of a finding that the amount of the judgment would likely be well in excess of the jurisdictional amount.

11.

Furthermore, if proven, Plaintiff's damages will likely exceed the $75,000.00 threshold required to satisfy the amount in controversy. At the outset, to date, Plaintiff's past medical

02772145-1

expenses total $59,273.89. Furthermore, Plaintiff provided an estimate for the cost of medical

procedures from Lafayette Surgical Specialty Hospital, for a two-level ACDF, right carpal tunnel

release, and right ulnar nerve decompression in the amount of $133,982.20.[1] In addition, based on

the medical records obtained to date, Plaintiff is still undergoing treatment for her injuries – nearly

one and a half years since the accident. Thus, because she is still treating, Plaintiff's medical

expenses will continue to grow, and will exceed the amount of past medical expenses, $59,273.89,

currently known and available to Defendant.

12.

Along with the amount of his past medical expenses, the nature of Plaintiff's injuries

support a finding that her damages are likely to exceed $75,000.00. Medical records submitted by

plaintiff indicate that as a result of her injuries, she has sought medical treatment due to back pain,

neck pain, thigh pain, knee pain, and foot pain.[2] The records received to date indicate that the

Plaintiff was seen in the emergency department and subsequently began receiving chiropractic

treatment.[3] Additionally, Plaintiff underwent an MRI of her lumbar spine, which revealed an acute

compression fracture deformity involving the superior endplate of L1, disc bulging with bilateral

neural canal narrowing at L1-2, Disc bulging at L2-3, L3-4, a disc herniation with bilateral neural

canal narrowing at L4-5, and osteophytic riding and bilateral neural canal narrowing at L5-S1.[4]

Additionally, an MRI of her cervical spine showed disc desiccation discogenic changes at all

cervical and upper thoracic areas, disc bulging and right neural canal narrowing at C3-4, C4-5, C6-

7, and disc bulging and neural canal narrowing at C5-6.[5]

---

[1]     *See,* Plaintiff's Medical Records, attached hereto as Exhibit "B," at record from Lafayette Surgical
Specialty Hospital, dated 2/16/23, 2/22/23, and 2/24/23.
[2]     See, Exhibit "B," at record from Scott DeRouen, dated 10/15/21.
[3]     *Id.*
[4]     *Id.* at record from Open Air MRI of Lake Charles, dated 10/27/21.
[5]     *Id.*

In addition to the imaging, Plaintiff has undergone three Lumbar Epidural Steroid injections in her lumbar spine, and two in her cervical spine.[6] Furthermore, she has been recommended for a two-level anterior cervical discectomy and fusion (ACDF) at C4-6, a right carpal tunnel release, and a right ulnar nerve decompression.[7] Finally, in addition to the injuries outlined herein, Plaintiff is still treating for the subject accident.

13.

Moreover, Plaintiff's discovery responses show that she has treated with at least seven (7) different clinics for injuries sustained in the subject accident, which includes X-rays, an MRI, and a visit to an orthopedist. Specifically, Plaintiff has treated at Lake Charles Memorial Health, Center for Chiropractic & Rehabilitation, Open Air MRI of Lake Charles, Interventional Spine, Envision Imaging of Acadiana, Neurologic Specialty Consulting Services, LLC, and Lafayette Bone & Joint for injuries allegedly sustained in this accident.[8]

14.

In addition to low back pain, Plaintiff complains of radiating pain into her left leg.[9] Furthermore, in addition to neck pain, Plaintiff complaints of radiating pain into her left hand and numbness in all fingers.[10]

15.

Defendant first became aware that Plaintiff's alleged damages might exceed $75,000.00 upon receipt of medical records from Plaintiff's counsel on February 24, 2023.[11] These records, as

---

[6]     *Id.* at records from Dr. Seth Billiodeaux, dated 1/20/22, and Lafayette Surgical Specialty Hospital, dated 6/10/22, and 10/14/22.
[7]     *Id.* at record from Dr. Jayme Trahan, dated 2/8/23.
[8]     See, Exhibit "B," in globo.
[9]     *Id.* at record from Dr. Jayme Trahan, dated 2/8/23.
[10]    *Id.*
[11]    *See*, Email from Plaintiff's counsel to undersigned counsel, providing Plaintiff's medical records, dated 2/24/23, attached hereto as Exhibit "C."

outlined above, were the first medical information received by Defendants in this case. These records show that Plaintiff has undergone five (5) epidural injections, and is recommended for a two-level cervical fusion, carpal tunnel release, and right ulnar decompression. Based on records provided from Plaintiff's counsel, this procedure is estimated to cost $133,982.20.[12]

16.

Clearly, Plaintiff's past medical expenses alone, $59,273.89, are nearly enough to satisfy the $75,000 threshold required to satisfy §1332(a). In addition, when considered in conjunction with the cost of the surgical recommendation from Dr. Jayme Trahan, Plaintiff's medical expenses more than double the $75,000 needed to remove the case to federal court, and nearly approach $200,000. Thus, not only do Plaintiff's damages and treatment incurred at this time suffice to satisfy the amount in controversy necessary to fulfill §1332(a), but Plaintiff's potential future treatment clearly shows that recovery will exceed $75,000.00.

17.

Based on the litany of above-cited evidence, if proven, it is likely that Plaintiff's alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts:

In *Myers v. Broussard*, 696 So.2d 88 (La. App. 3 Cir. 5/21/97), a Plaintiff who sustained multiple disc bulges in her lumbar and thoracic spine underwent epidural steroid treatment, nerve blocks, and RFAs. The plaintiff was awarded $300,000 in general damages.

Plaintiff in an automobile accident with an 18-wheeler underwent a three-level ACDF 16 months post injury after conservative treatment failed to provide relief. The Third Circuit increased

---

[12]      *See*, Exhibit "B," at record from Lafayette Surgical Specialty Hospital, dated 2/16/23.

the general damage award to $250,000. *Fontenot v. UV Insurance Risk Retention Group, Inc.*, CA 20-361 c/w CA 20-362 (La.App. 3 Cir. 04/14/21).

Plaintiff in a single car automobile accident underwent an anterior cervical discectomy and fusion surgery at the C5-6 level. On appeal, the Third Circuit increased the general damage award to $150,000. *Copell v. Arceneaux Ford, Inc.*, 20-299 (La.App. 3 Cir. 06/09/21), 322 So.3d 88.

In *Hicks v. USAA Gen. Indem. Co.*, a plaintiff filed suit following a motor vehicle rear-end collision, alleging injuries to his neck, back, and arm. 2019-0552 (La. App. 1 Cir. 3/25/21), 2021 WL 1136210. He underwent multiple lumbar procedures, including epidural steroid injections and radio frequency ablations. The court determined that an award of $300,000 for past and future pain and suffering, $300,000 for past and future mental anguish, $55,000 for past and future loss of enjoyment of life, and $55,000 for disability, was not an abuse of discretion.

Plaintiff in an auto accident suffered a disc herniation at L5-S1, central disc herniation at C6-7, and received steroid injections in his neck and back. He was awarded $242,000 in general damages. *Alexander v. Tate,* 2009-844 (La. App. 3 Cir. 2/3/10); 30 So.3d 1122.

A Court awarded $120,000 in general damages to a man who suffered a herniated disc at C6-C7, bulging at C3-C7, lumbar herniated disc displacing the right S-1 nerve root, and a disc bulge at L3-L4. Plaintiff visited a chiropractor for nearly two years. *Ridgel v. Chevalier,* 2019-0250 (La.App. 4 Cir. 1/8/19), 288 So.3d 192.

A woman was awarded $200,000 in general damages, $108,000 in future wages and past wages of $406,000 as a result of an automobile accident wherein she injured her neck. *Hiue Phuong Hoang v. Thornton Services,* 2015-0749 (La. App. 4 Cir. 4/27/16), 192 So. 3d 864. No surgical intervention was recommended, and she was released back to work at the time of trial. *Id.*

The plaintiff in *Associated Terminals of St. Bernard, LLC, v. Potential Shipping, HK Co.,* was awarded $225,000 in general damages for anterior and posterior changes at the C5-6 level, as well as disc bulges at C4-5 and C6-7 levels, where future surgery was inevitable. 324 F. Supp. 3d 808.

In *Cortez v. Zurich*, a plaintiff suffered a ruptured disc at the C4-5 level and underwent an anterior cervical fusion after unsuccessful conservative treatment after a light pole fell onto her car. 98-2059 (La.App. 1 Cir. 12/28/99), 752 So.2d 957. The First Circuit affirmed the trial court's general damage award of $215,000.

A plaintiff who was involved in an automobile accident underwent a cervical discectomy and fusion at C5-6 and C6-7 after physical therapy and spinal injections were unsuccessful. The First Circuit upheld the trial court's award of $300,000 in general damages. *Lemoine v. Mike Munna, L.L.C.*, 2013-2187 (La.App. 1 Cir. 06/06/14), 148 So.3d 205.

A plaintiff brought a personal injury action following a rear-end collision in *Rochel v. Terrebonne Parish Sch. Bd.,* 637 So. 2d 753 (La. Ct. App.), *writ denied,* 9401613 La. 10/7/94), 644 So. 2d 633. The plaintiff complained of neck and back pain and of pain radiating into the left hip and leg. His physician noted "the presence of degenerative disc disease and spondylosis of the cervical and lumbosacral spine," among other cervical and lumbar injuries. *Id.* at 755. The First circuit affirmed the general damages award of $275,000.00.

Plaintiff in an automobile accident was awarded $275,000 in general damages after receiving a surgical recommendation which includes a two-level fusion, with the potential for additional levels to be fused at a later date. *Jackson v. Underwriters at Lloyd's of London*, 21-CA-15 (La.App. 5 Cir. 09/29/21), 329 So.3d 1029.

In *Keller v. City of Plaquemine,* 96-1933 (La.App. 1 Cir. 09/23/97), 700 So.2d 1285, Plaintiff sustained an L4-5 disc herniation and treated conservatively for his injuries with chiropractic care, for which his past medical expenses totaled $3,827.90. The First Circuit affirmed the trial court's award of $125,000 in general damages.

18.

Further, it is also notable that Plaintiff's Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1).  While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012).

20.

Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995), quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. To date, no such stipulation or affidavit has been executed.

22.

It is apparent that Plaintiff's total damages, if proven, as a matter of law and fact, could exceed the sum of $75,000.  Once a defendant has established, by a preponderance of the evidence,

02772145-1

that the amount in controversy is sufficient to confer jurisdiction to the federal courts, the burden

then shifts back to the plaintiff to show, to a legal certainty, that the claim is really for less than

the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) ("De

Aguilar II"). Where state law prevents a party from pleading a specified amount of damages (as

Louisiana law does), and the claim is for unliquidated damages, a plaintiff may satisfy the legal

certainty test by "[f]il[ing] a binding stipulation or affidavit with [the] complaint...." *Id.* at 1412

(citing *In Re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992)). Plaintiff's petition contains no such

affidavit or stipulation, and as such, there is no legal basis to remand this case. *Robinson v.

Delchamps, Inc.,* No. CIV. A. 98-0503, 1998 WL 352131, at *2 (E.D. La. June 30, 1998).

### B.    There Is Complete Diversity of Citizenship

#### 23.

As made clear by the Western District of Louisiana, in order to satisfy Diversity

Jurisdiction under 1332, "In alleging diversity, this requires properly **alleging** the citizenship of

the parties." *Banks v. Liberty Ins. Corp.,* No. 3:21-CV-03795, 2022 WL 770125, at *2 (W.D. La.

Feb. 23, 2022), *report and recommendation adopted,* No. 3:21-CV-03795, 2022 WL 761710

(W.D. La. Mar. 10, 2022). Moreover, "Initially, a removing party **need only allege** diversity in its

notice of removal." *Id; Dupuis v. Lisco*, 15-cv-2137, 2015 WL 6511898, at *2 (W.D. La. Oct. 27,

2015). For example, in *Emps. Mut. Cas. Co.*, the plaintiff filed a motion for remand and contended

that some supporting documentation of the citizenship of the parties was required. However, as

Magistrate Judge Bourgeois made clear, "Courts in this district have repeatedly required that the

burden on the removing party is to "distinctly and affirmatively allege" the citizenship of each

party in its notice of removal, not to supply accompanying evidence verifying those allegations of

citizenship. *Emps. Mut. Cas. Co. v. Gemini Ins. Co.,* No. 3:13-CV-00816-BAJ, 2014 WL 3541296,

02772145-1

at *4 (M.D. La. July 17, 2014) *citing Picard v. Kirk Key Interlock Co., LLC,* Civ. Action No. 07–

763–C, 2008 WL 565465, *1 (M.D.La. Feb.27, 2008) ("When jurisdiction depends on citizenship,

the citizenship of each party must be distinctly and affirmatively alleged"); *Toney v. Knauf Gips*

*KG,* Civ. Action No. 12–638–JJBSCR, 2012 WL 5923960, *1 (M.D.La. Oct.25, 2012).

The Fifth Circuit has provided similar instruction, "When jurisdiction depends on

citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Stafford v. Mobil Oil*

*Corp.,* 945 F.2d 803, 804 (5th Cir.1991) (quoting *McGovern v. American Airlines, Inc.,* 511 F.2d

653, 654 (5th Cir.1975); *see also Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d

1254, 1259 (5th Cir.1988) ("We have stated repeatedly that when jurisdiction depends on

citizenship, citizenship must be *'distinctly* and *affirmatively* alleged.'") (citing cases); *B., Inc. v.*

*Miller Brewing,* 663 F.2d 545, 549 (5th Cir.1981) ("where an out-of-state defendant removes an

action from state to federal court, the burden is upon the removing party to plead a basis for federal

jurisdiction"). Thus, as made clear by Magistrate Judge Bourgeois and approved by Judge Brian

Jackson, Defendants are not required to provide proof of the plaintiff's citizenship, but rather,

Defendants are obligated to distinctly and affirmatively allege the citizenship of the parties. *Emps.*

*Mut. Cas. Co. v. Gemini Ins. Co.,* No. 3:13-CV-00816-BAJ, 2014 WL 3541296, (M.D. La. July

17, 2014).

24.

Here, as alleged in her Petition, Suzette Boone, is a resident of the State of Louisiana. *See*

Petition for Damages contained in Exhibit "A," at ¶ Introduction. Furthermore, in photographs of

Plaintiff's vehicle provided by Plaintiff's counsel, Plaintiff has a Louisiana license plate, and thus

her vehicle is registered in Louisiana.[13] Moreover, Plaintiff lists a P.O. box in Lake Charles as her

---

[13]    *See*, Photograph of Plaintiff's Vehicle, attached hereto as Exhibit "D."

02772145-1

address on her medical records.[14] In addition, the phone number listed on her medical records has a Louisiana area code,[15] and on records from Acadian Ambulance, which indicate Plaintiff was brought to Lake Charles Memorial Hospital following the accident, it lists "Yes" in response to segment titled "Local Resident."[16] Finally, each of the medical providers with whom Plaintiff has treated that are known to Defendants are located in Louisiana. Clearly, Plaintiff is a Louisiana citizen.

25.

The citizenship of an LLC is determined by the citizenship of each of its members. *Greenwich Ins. Co. v. Capsco Indus., Inc.,* 934 F.3d 419, 422 (5th Cir. 2019). Defendant, Select Dedicated Solutions, LLC, is a limited liability company, with its sole member located in Texas. Select is therefore considered a citizen of Texas.

A corporation is considered a citizen of its state of incorporation and the state of its principal place of business for purposes of diversity jurisdiction under 28 U.S.C. §1332(a). *Teal Energy USA, Inc. v. GT, Inc.,* 369 F.3d 873, 875 (5th Cir. 2004). Defendant, Park Wood Risk Retention Group, Inc., is a foreign corporation incorporated in the State of Alabama, with its principal place of business in Alabama at the time of the filing of this suit and at the time of removal. Park Wood is therefore considered a citizen of Alabama. Defendants further submit that, since the accident occurred, Park Wood was purchased and the name has been changed to Holman Transportation Risk Retention Group, Inc., which is incorporated in Alabama. Thus, whether the citizenship of Park Wood is assessed at the time of the accident or at the time of removal, it is still a citizen of Alabama.

---

[14]    *See*, Exhibit "B" at Record from Lafayette Bone and Joint Clinic, dated February 8, 2023,
[15]    *Id.*
[16]    *Id.* at record from Acadian Ambulance, dated 9/11/2021.

Upon information and belief, defendant, Luis Vidal Martinez, is a foreign defendant residing in Mexico. As such, Luis Vidal Martinez is considered a citizen of Mexico.

26.

Because Plaintiff is a Louisiana citizen and Defendants are considered citizens of Alabama, Texas, and Mexico, complete diversity exists in this action. Although not obligated to provide evidence proving where Plaintiff is domiciled, Defendants have sufficiently alleged the citizenship of all parties, and thus have met their burden regarding the citizenship of the parties.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

27.

Service of process was made on Select through its registered agent for service on November 4, 2022.  Park Wood was served on November 9, 2022. Upon information and belief, Luis Vidal Martinez has not been served.

28.

This Notice of Removal is timely filed within one year of commencement of this suit and within thirty days after receipt of "other paper" first alerting Defendant that this action had become removable, in compliance with 28 U.S.C. § 1446(b), (c). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 117 S. Ct. 467, 473, 136 L. Ed. 2d 437 (1996).

29.

The United States District Court for the Western District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

30.

02772145-1

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Select Dedicated Solutions, LLC, and Park Wood Risk Retention Group, Inc., respectfully remove this action, *"Suzette Boone v. Park Wood Risk Retention Group, Inc., Select Dedicated Solutions, LLC, and Luis Vidal Martinez,"* bearing docket number 2022-4530, "E," from the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted:

**DUPLASS APLC**

*/s/ Joseph McAloon*

_____

**RYAN M. MALONE (#30607)**
**JOSEPH C. MCALOON (#39977)**
433 Metairie Road, Suite 600
Metairie, Louisiana 70005
Telephone: (504) 832-3700
Facsimile: (504) 324-0676
rmalone@duplass.com
jmcaloon@duplass.com
**Counsel for Defendants, Select Dedicated Solutions, LLC, and Park Wood Risk Retention Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2023, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Joseph C. McAloon*

_____

**JOSEPH C. MCALOON**

02772145-1